IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VIRGINIA P. DALE, | ) | Case No. 04-40152-JWV |
| | ) | |
| Debtor. | ) | |
| | ) | |
| VIRGINIA P. DALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 04-4046-JWV |
| | ) | |
| HOMEQ SERVICING CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This matter comes before the Court on HomeQ Servicing Corp.'s ("HomEq") motion for a more definite statement and motion to strike immaterial matter from the complaint filed against it by Virginia P. Dale ("Debtor"), *pro se*. HomeEq argues that the Debtor's complaint fails to aver facts and causes of action with sufficient definiteness and/or particularity to enable HomEq to properly prepare its answer.[1] The Debtor responds asserting that she has no objection to amending her adversary complaint.

Fed. R. Bankr. P. 7008(a) directs that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief the pleader seeks." Each averment of the complaint must be simple, concise, and direct. Rule 7008(e). Further clarifying the content and form of a complaint is Rule 7010(b), which states:

> All averments of a claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances .... Each claim founded upon a separate transaction or occurrence ...

---

[1] In the text of HomEq's motion for a more definite statement and motion to strike immaterial matter from the Debtor's complaint, HomEq argues that the Debtor's counts for "Defenses to Foreclosure" and "Right to Recission (sic) under the TILA" should be dismissed for a failure to state a claim upon which relief can be granted. HomEq's requests to dismiss the Debtor's causes of action will be denied, without prejudice, pending submission of an amended complaint.

shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Bankr. P. 7010(b).

The Debtor's complaint does not meet these minimum standards. For example, the Debtor asserts a count of "Rights to Recission (sic) under the TILA" and avers that HomEq "made mistakes in its disclosure of certain important terms" and further makes a conclusory statement that "[u]nfair terms are prohibited terms in this loan." The Debtor failed to put HomEq on notice of the "certain important terms" and failed to provide a short plain statement of why the terms are unfair and prohibited in her particular loan. In amending her complaint, the Debtor should independently address her rights to determine the extent of HomEq's lien through an accounting of the alleged debt, and independently address any right to avoid HomEq's lien under the Consumer Credit Protection Statutes, 15 U.S.C. §§ 1601 *et seq.*, or based on some other infirmity.[2]

Finally, nothing in Rule 7008 contemplates the use of analogous cases in a party's complaint. The Debtor's discussion of *Beach v. Ocewn Federal Bank* is stricken from the complaint.

Accordingly, the Court finds it appropriate to grant HomEq's motion for a more definite statement and motion to strike immaterial matter from the Debtor's complaint, and the Court will allow the Debtor twenty days to file an amended complaint. The Court strongly encourages the Debtor to obtain legal counsel. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

**ENTERED** this 19th day of March 2004.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

#10

A copy of the foregoing was mailed
conventionally or electronically to:
Virginia P. Dale
**Jill D. Olsen is directed to serve parties of interest not receiving electronic notice**

---

[2] For example, the Debtor asserts in her response to HomEq's motion that HomEq's mortgage is the result of a home improvement scam and that defenses/causes of action the Debtor has arising out of the home improvement transaction would work to defeat HomEq's mortgage. At a minimum, the Debtor must provide HomEq with notice of the underlying facts of that dispute demonstrating that the Debtor is entitled to the relief she seeks.